# ORIGINAL

1  Joseph J. Tabacco, Jr. (Bar No. 75484)
   Christopher T. Heffelfinger (Bar No. 118058)  **FILED**
2  **BERMAN DeVALERIO**
   425 California Street, Suite 2100
3  San Francisco, CA 94104                        NOV – 2 2009
   Tel: (415) 433-3200
4  Fax: (415) 433-6382                            RICHARD W. WIEKING
   Email: jtabacco@bermandevalerio.com            CLERK, U.S. DISTRICT COURT
5        cheffelfinger@bermandevalerio.com        NORTHERN DISTRICT OF CALIFORNIA

6  *Counsel for Plaintiff*

7  [Additional counsel listed on signature page]

8                                                                    *EMC*

9                  **UNITED STATES DISTRICT COURT**

10               **NORTHERN DISTRICT OF CALIFORNIA**

11                  **SAN FRANCISCO DIVISION**          **5186**

12

| | |
|---|---|
| UNIVISIONS-CRIMSON HOLDING, INC., on behalf of itself and all others similarly situated, ) | Civil Action No. |
| Plaintiff, ) | **CLASS ACTION COMPLAINT** |
| v. ) | **DEMAND FOR JURY TRIAL** |
| SONY CORPORATION; SONY OPTIARC INC.; SONY OPTIARC AMERICA INC.; TOSHIBA CORPORATION; SAMSUNG ELECTRONICS COMPANY, LTD.; TOSHIBA SAMSUNG STORAGE TECHNOLOGY CORPORATION; HITACHI, LTD.; HITACHI-LG DATA STORAGE, INC.; LG CORPORATION; and NEC CORPORATION, ) | **CLASS ACTION** |
| Defendants. ) | |

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*[UNIVISIONS-CRIMSON HOLDING, INC..V. SONY CORP., ET AL.]* CLASS ACTION COMPLAINT

1   Plaintiff Univisions-Crimson Holding, Inc. ("Univisions-Crimson" or "Plaintiff"), on

2   behalf of itself and all others similarly situated (the "Class"), brings this action for damages and

3   injunctive relief under the antitrust laws of the United States against defendants Sony

4   Corporation; Sony Optiarc Inc.; Sony Optiarc America Inc.; Toshiba Corporation; Toshiba

5   Samsung Storage Technology Corporation;  Samsung Electronics Company, Ltd.; Hitachi Ltd.;

6   Hitachi-LG Data Storage Inc.; LG Electronics Inc.; and NEC Corporation (collectively

7   "Defendants," unless separately identified).  On information and belief, Plaintiff alleges the

8   following:

9   **I.    INTRODUCTION**

10   1.    Plaintiff brings this antitrust class action on behalf of all persons and entities who

11   directly purchased Optical Disc Drive Products (as defined below), in the United States from the

12   Defendants, any subsidiaries or affiliates thereof, or any co-conspirators as identified in this

13   Complaint from at least 2005 to the present (the "Class Period"). Optical disc drives are devices

14   that use laser light or electromagnetic waves near the light spectrum in order to read and/or

15   record information electronically-stored on CD, DVD, and Blu-Ray media.  Optical disc drives

16   are the primary component of a wide variety of consumer products.  As used herein, "Optical

17   Disc Drive Products" refers to optical disc drives, and any products containing optical disc

18   drives, manufactured by any of the Defendants or their subsidiaries, affiliates, or co-conspirators.

19   2.    Beginning in at least 2005, Defendants engaged in a conspiracy to fix, raise, or

20   maintain the prices of Optical Disc Drive Products sold in the United States in violation of

21   Section 1 of the Sherman Act, 15 U.S.C. § 1.  As a result of Defendants' unlawful conduct,

22   Plaintiff and the other members of the Class paid higher prices for Optical Disc Drive Products

23   than they would have paid in a competitive market.

24   **II.   JURISIDCTION AND VENUE**

25   3.    Plaintiff brings this action to obtain injunctive relief and to recover damages,

26   including treble damages, costs of suit, and reasonable attorneys' fees arising from Defendants'

27   violations of Section 1 of the Sherman Act, 15 U.S.C. § 1.

28

*[UNIVISIONS-CRIMSON HOLDING, INC. V. SONY CORP., ET AL.]* CLASS ACTION COMPLAINT                    1

1    4.    The Court has subject matter jurisdiction pursuant to Sections 4 and 16 of the

2    Clayton Act, 15 U.S.C. §§ 15 and 26, and 28 U.S.C. §§ 1331 and 1337.

3    5.    Venue is proper in this judicial District pursuant to Section 12 of the Clayton Act,

4    15 U.S.C. § 22, and 28 U.S.C. § 1391(b), (c), and (d) because a substantial part of the events

5    giving rise to Plaintiff's claims occurred in this District, a substantial portion of the affected

6    interstate trade and commerce was carried out in this District, and one or more of the Defendants

7    reside in this District.

8    6.    Defendants are subject to the jurisdiction of this Court by virtue of their

9    nationwide contacts and other activities, as well as their contacts with the State of California.

10   **III.    PARTIES**

11   **Plaintiff**

12   7.    Plaintiff Univisions-Crimson is a New York corporation with its principal place

13   of business in Syracuse, New York.  During the Class Period, Plaintiff purchased Optical Disc

14   Drive Products directly from one of the Defendants and suffered injury as a result of Defendants'

15   unlawful conduct.

16   **Defendants**

17   8.    Sony Corporation ("Sony Corp.") is a Japanese company with its principal place

18   of business at 1-7-1 Konan, Minato-ku, Tokyo, 108-0075, Japan. Sony Corp. is the parent

19   corporation of Defendant Sony Optiarc Inc., and ultimate parent of Defendant Sony Optiarc

20   America Inc.  During the Class Period, Sony Corp. manufactured, sold and/or distributed Optical

21   Disc Drive Products to customers throughout the United States, either directly or through its

22   affiliated companies.

23   9.    Sony Optiarc Inc. ("Sony Optiarc") is a Japanese company with its principal place

24   of business at 4-16-1 Okata, Atsugi-Shi, Kanagawa, 243-0021, Japan.  Sony Optiarc is a wholly-

25   owned subsidiary of Defendant Sony Corp. and the parent corporation of Defendant Sony

26   Optiarc America Inc.  Prior to 2008, when NEC Corporation sold its interest to Sony Corp., Sony

27   Optiarc was known as Sony NEC Optiarc Inc., a joint venture between Sony Corporation and

28   NEC Corporation.  During the Class Period, Sony Optiarc manufactured, sold and/or distributed

[*UNIVISIONS-CRIMSON V. SONY CORP., ET AL.*] CLASS ACTION COMPLAINT                              2

1 | Optical Disc Drive Products to customers throughout the United States, either directly or through

2 | its affiliated companies.

3 |       10.     Sony Optiarc America Inc. ("Sony Optiarc America") is an American company

4 | with its principal place of business at 1730 North First Street, San Jose, California, 95112. Sony

5 | Optiarc America is a wholly-owned subsidiary of Defendant Sony Optiarc. During the Class

6 | Period, Sony Optiarc America manufactured, sold and/or distributed Optical Disc Drive Products

7 | to customers throughout the United States, either directly or through its affiliated companies.

8 |       11.     Toshiba Corporation ("Toshiba") is a Japanese company with its principal place

9 | of business at 1-1, Shibaura 1-chome, Minato-ku, Tokyo, 105-8001, Japan. Toshiba owns 51%

10 | of Defendant Toshiba Samsung Storage Technology Corporation. During the Class Period,

11 | Toshiba manufactured, sold and/or distributed Optical Disc Drive Products to customers

12 | throughout the United States, either directly or through its affiliated companies.

13 |       12.     Samsung Electronics Company, Ltd. ("Samsung") is a Korean company with its

14 | principal place of business at Samsung Main Building, 250, Taepyeongno 2-ga, Jung-gu, Seoul,

15 | 100-742, Korea. Samsung owns 49% of Defendant Toshiba Samsung Storage Technology

16 | Corporation. During the Class Period, Samsung manufactured, sold and/or distributed Optical

17 | Disc Drive Products to customers throughout the United States, either directly or through its

18 | affiliated companies.

19 |       13.     Toshiba Samsung Storage Technology Corporation ("TSST") is a Japanese

20 | company with its principal place of business at 1-1, Shibaura 1-chome, Minato-ku, Tokyo, 105-

21 | 8001, Japan. TSST is a joint venture between Defendants Toshiba and Samsung. During the

22 | Class Period, TSST manufactured, sold and/or distributed Optical Disc Drive Products to

23 | customers throughout the United States, either directly or through its affiliated companies.

24 |       14.     Hitachi, Ltd. ("Hitachi") is a Japanese company with its principal place of

25 | business at 6-6, Marunouchi 1-chome, Chiyoda-ku, Tokyo, 100-8280, Japan. Hitachi owns 51%

26 | of Defendant Hitachi-LG Data Storage, Inc. During the Class Period, Hitachi manufactured,

27 | sold and/or distributed Optical Disc Drive Products to customers throughout the United States,

28 | either directly or through its affiliated companies.

1    15.    LG Corporation ("LG") is a Korean company with its principal place of business

2    at LG Twin Towers, 20 Youido-dong, Yeongdeungpo-gu, Seoul, 150-721, Korea.  LG owns

3    49% of defendant Hitachi-LG Data Storage, Inc.  During the Class Period, LG manufactured,

4    sold and/or distributed Optical Disc Drive Products to customers throughout the United States,

5    either directly or through its affiliated companies.

6    16.    Hitachi-LG Data Storage, Inc. ("Hitachi-LG") is a Japanese and Korean company

7    with its principal places of businesses at 4F MSC Center Bldg., 22-23, Kaigan 3-chome, Minato-

8    ku, Tokyo, 108-0022, Japan and LG Gasan Digital Center, 459-9, Gasan-dong, Geumcheon-gu,

9    Seoul, 153-803, Korea.  Hitachi-LG is a joint venture between Defendants Hitachi and LG.

10    During the Class Period, Hitachi-LG manufactured, sold and/or distributed Optical Disc Drive

11    Products to customers throughout the United States, either directly or through its affiliated

12    companies.

13    17.    NEC Corporation ("NEC") is a Japanese company with its principal place of

14    business at 7-1 Shiba, 5-chome, Minato-Ku, Tokyo, 108-8001, Japan.  Prior to 2008, NEC

15    owned 45% of Defendant Sony Optiarc.  During the Class Period NEC manufactured, sold

16    and/or distributed Optical Disc Drive Products to customers throughout the United States, either

17    directly or through its affiliated companies.

18    **IV.    AGENTS AND CO-CONSPIRATORS**

19    18.    Defendants' conduct, as alleged herein, was authorized, ordered, or done by their

20    officers, agents, employees, or representatives, while actively engaged in the management and

21    operation of Defendants' businesses or affairs.

22    19.    Each Defendant acted as the principal, agent, or joint venturer of, or for, other

23    Defendants with respect to the acts, violations, and common course of conduct Plaintiff alleges

24    herein.

25    20.    Various persons and/or firms not named as Defendants in this Complaint

26    participated as co-conspirators in the violations alleged herein and may have performed acts and

27    made statements in furtherance thereof.

28

[*UNIVISIONS-CRIMSON V. SONY CORP., ET AL.*] CLASS ACTION COMPLAINT                    4

1   **V.   CLASS ACTION ALLEGATIONS**

2       21.    Plaintiff brings this action on behalf of itself and all others similarly situated (the

3   "Class") pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3).  The Class is

4   defined as follows:

5           All persons and entities who, during the Class Period, purchased an
            Optical Disc Drive Product in the United States directly from any
6           Defendant, co-conspirator, or subsidiary or affiliate thereof.
            Excluded from the Class are Defendants, their parent companies,
7           subsidiaries and affiliates, any co-conspirators, all governmental
            entities, and any judges or justices assigned to hear any aspect of
8           this action.

9       22.    The Class includes those who bought an Optical Disc Drive Product directly from

10  a Defendant, even if the optical disc drive contained therein was manufactured by an affiliated

11  entity, principal, agent, or co-conspirator.

12      23.    Plaintiff does not know the exact size of the Class because such information is in

13  Defendants' exclusive control.  Due to the nature of the trade and commerce involved, however,

14  Plaintiff believes that the Class members are numerous and geographically dispersed throughout

15  the United States, rendering joinder of all Class members impracticable.

16      24.    The questions of law or fact common to the Class include, but are not limited to:

17          (a)    whether Defendants engaged in a contract, combination, and/or conspiracy

18                 to fix, raise, maintain, or stabilize prices of Optical Disc Drive Products

19                 sold in the United States;

20          (b)    whether Defendants engaged in a contract, combination, and/or conspiracy

21                 to restrict output of Optical Disc Drive Products sold in the United States;

22          (c)    whether Defendants' conduct caused the prices of Optical Disc Drive

23                 Products sold in the United States to be at artificially high and

24                 noncompetitive levels;

25          (d)    whether Plaintiff and other members of the Class were injured by

26                 Defendants' conduct, and, if so, the appropriate Class-wide measure of

27                 damages for Class members; and

28

---

[*UNIVISIONS-CRIMSON V. SONY CORP., ET AL.*] CLASS ACTION COMPLAINT                    5

1    (e)    whether Plaintiff and other members of the Class are entitled to, among

2    other things, injunctive relief, and if so, the nature and extent of such

3    injunctive relief.

4    25.    These and other questions of law and fact are common to the Class, and

5    predominate over any questions affecting only individual Class members.

6    26.    Plaintiff's claims are typical of other Class members' claims because Plaintiff

7    directly purchased Optical Disc Drive Products from one or more of the Defendants.

8    27.    Plaintiff will fairly and adequately represent the interests of the Class in that

9    Plaintiff is a direct purchaser of Optical Disc Drive Products and has no conflict with any other

10    Class member.  Furthermore, Plaintiff has retained competent counsel experienced in antitrust,

11    class action, and other complex litigation.

12    28.    Defendants have acted on grounds generally applicable to the Class, thereby

13    making final injunctive relief appropriate with respect to the Class as a whole.

14    29.    This class action is superior to the alternatives, if any, for the fair and efficient

15    adjudication of this controversy. Prosecution as a class action will eliminate the possibility of

16    repetitive litigation. There will be no material difficulty in the management of this action as a

17    class action.

18    30.    The prosecution of separate actions by individual Class members would create the

19    risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for

20    Defendants.

21    **VI.    TRADE AND COMMERCE**

22    31.    During the Class Period, each Defendant, or one or more of its affiliated

23    companies, sold Optical Disc Drive Products in the United States in a continuous and

24    uninterrupted flow of interstate commerce and foreign commerce, including through and into this

25    District.

26    32.    During the Class Period, Defendants collectively controlled a large share of the

27    market for Optical Disc Drive Products, both globally and in the United States.

28

[*UNIVISIONS-CRIMSON V. SONY CORP., ET AL.*] CLASS ACTION COMPLAINT                6

1    33.    Defendants' business activities substantially affected interstate trade and

2    commerce in the United States and caused antitrust injury in the United States.

3    **VII.    GOVERNMENT INVESTIGATIONS**

4    34.    In October 2009, the United States Department of Justice ("DOJ") acknowledged

5    that it had commenced an investigation into anticompetitive conduct—including price-fixing,

6    bid-rigging and allocation of markets—in the optical disc drive industry and that, in connection

7    with that investigation, it had served subpoenas on Defendants Sony Optiarc America, Hitachi-

8    LG, and TSST.

9    35.    On October 23, 2009, Defendant Sony filed its Form 6-K with the United States

10   Securities and Exchange Commission, confirming that investigation and stating:

11        Sony Corporation said today that its U.S. subsidiary, Sony Optiarc
          America Inc., has received a subpoena from the U.S. Department
12        of Justice (DOJ) Antitrust Division seeking information about its
          optical disk drive business. Sony understands that the DOJ and
13        agencies outside the United States are investigating competition in
          optical disk drives. Sony intends to cooperate fully with the DOJ
14        and other agencies in this inquiry.

15   36.    In October 2009, Defendants Hitachi and Toshiba also acknowledged that their

16   optical disc drive operations—Hitachi-LG and TSST—had received subpoenas from the DOJ in

17   connection with its investigation into the optical disc drive industry.

18   37.    Hitachi also confirmed that its optical disc drive unit was under investigation by

19   European Union and Singaporean regulators.  Toshiba also revealed that its optical disc drive

20   unit was also answering queries from authorities in other regions.

21   **VIII.    FRAUDULENT CONCEALMENT**

22   38.    Plaintiff had neither actual nor constructive knowledge of the facts supporting its

23   claim for relief despite diligence in trying to discover the pertinent facts.  Plaintiff and other

24   members of the Class did not discover, and could not have discovered through the exercise of

25   reasonable diligence, the existence of the conspiracy alleged herein until October 2009, when the

26   DOJ investigation became public.  Defendants engaged in a secret conspiracy that did not give

27   rise to facts that would put Plaintiff or the other members of the Class on inquiry notice that there

28   was a conspiracy to fix the prices of Optical Disc Drive Products.

[*UNIVISIONS-CRIMSON V. SONY CORP., ET AL.*] CLASS ACTION COMPLAINT                              7

39.     As a result of Defendants' fraudulent concealment of their conspiracy, the running

2 | of any statute of limitations has been tolled with respect to any claims of Plaintiff and the other

3 | members of the Class arising from the anticompetitive conduct alleged in this Complaint.

4 | **IX.     CLAIM FOR VIOLATIONS OF 15 U.S.C. § 1**

5 | 40.     Plaintiff incorporates by reference all the above allegations as if fully set forth

6 | herein.

7 | 41.     Beginning no later than 2005, the exact date being unknown to Plaintiff and

8 | exclusively within Defendants' knowledge, Defendants and their co-conspirators entered into a

9 | continuing contract, combination or conspiracy to unreasonably restrain trade and commerce in

10 | violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, by artificially reducing or eliminating

11 | competition in the United States for Optical Disc Drive Products.

12 | 42.     In particular, Defendants combined and conspired to raise, fix, maintain, and/or

13 | stabilize the prices of Optical Disc Drive Products sold in the United States.

14 | 43.     As a result of Defendants' unlawful conduct, prices for Optical Disc Drive

15 | Products were raised, fixed, maintained, and/or stabilized in the United States.

16 | 44.     The contract, combination, or conspiracy among Defendants consisted of a

17 | continuing agreement, understanding, and concerted action among Defendants and their co-

18 | conspirators.

19 | 45.     For purposes of formulating and effectuating their contract, combination, or

20 | conspiracy, Defendants and their co-conspirators did those things they contracted, combined, or

21 | conspired to do, including:

22 |         (a)     participating in meetings and conversations to discuss the prices and

23 |             supply of Optical Disc Drive Products;

24 |         (b)     communicating in writing and orally to fix target prices and price ranges

25 |             for Optical Disc Drive Products;

26 |         (c)     agreeing to manipulate prices and supply of Optical Disc Drive Products

27 |             sold in the United States in a manner that deprived direct purchasers of

28 |             free and open competition;

1               (d)     issuing price announcements and price quotations in accordance with the

2                        agreements reached;

3               (e)     selling Optical Disc Drive Products to customers in the United States at

4                        non-competitive prices;

5               (f)     exchanging competitively sensitive information in order to facilitate their

6                        conspiracy; and

7               (g)     agreeing to maintain or lower production capacity.

8     46.     As a result of Defendants' unlawful conduct, Plaintiff and other members of the

9 Class were injured in their businesses and property in that they paid more for Optical Disc Drive

10 Products than they otherwise would have paid in the absence of Defendants' unlawful conduct.

11 **X.    REQUEST FOR RELIEF**

12     WHEREFORE, Plaintiff prays that the Court enter judgment on its behalf and on behalf

13 of the Class herein, adjudging and decreeing that:

14     A.     This action may proceed as a class action, with Plaintiff as the designated Class

15             representative and its counsel as Class Counsel;

16     B.     Defendants engaged in a contract, combination, or conspiracy in violation of

17             Section 1 of the Sherman Act, 15 U.S.C. § 1, and Plaintiff and other members of

18             the Class were injured in their business and property as a result of Defendants'

19             violations;

20     C.     Plaintiff and other members of the Class shall recover damages sustained by

21             them, as provided by the federal antitrust laws, and a joint and several judgment

22             in favor of Plaintiff and other members of the Class shall be entered against the

23             Defendants in an amount to be trebled in accordance with such laws;

24     D.     Defendants, their subsidiaries, affiliates, successors, transferees, assignees and the

25             respective officers, directors, partners, agents, and employees thereof and all other

26             persons acting or claiming to act on their behalf, shall be permanently enjoined

27

28

---

[*UNIVISIONS-CRIMSON V. SONY CORP., ET AL.*] CLASS ACTION COMPLAINT          9

1  and restrained from continuing and maintaining the combination, conspiracy or

2  agreement alleged herein;

3      E.    Plaintiff and the other members of the Class shall be awarded pre-judgment and

4              post-judgment interest, and such interest shall be awarded at the highest legal rate

5              from and after the date of service of the initial complaint in this action;

6      F.    Plaintiff and the other members of the Class shall recover their costs of this suit,

7              including reasonable attorneys' fees as provided by law; and

8      G.    Plaintiff and the other members of the Class shall receive such other or further

9              relief as may be just and proper.

10 **XI.    JURY TRIAL DEMANDED**

11     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a jury

12 trial as to all claims and issues so triable.

13

Dated: November 2, 2009

14                             Respectfully submitted,
**BERMAN DeVALERIO**

15

16                            By:
                              Christopher T. Heffelfinger

17

18                            Joseph J. Tabacco, Jr.
                           Todd A. Seaver

19                            Matthew W. Ruan
                           425 California Street, Suite 2100

20                            San Francisco, CA 94104
                           Telephone: (415) 433-3200

21                            Facsimile: (415) 433-6382
                           Email: jtabacco@bermandevalerio.com

22                                      cheffelfinger@bermandevalerio.com
                                     tseaver@bermandevalerio.com

23                                      mruan@bermandevalerio.com

24

25

26

27

28

1

2     Manuel J. Dominguez
      Daniel A. Bushell
3     Marc J. Greenspon
      **BERMAN DEVALERIO**
4     4280 Professional Center Drive, Suite 350
      Palm Beach Gardens, FL 33410
5     Telephone: (415) 433-3200
      Facsimile: (415) 433-6382
6     Email: jdominguez@bermandevalerio.com
              dbushell@bermandevalerio.com
7             mjgreenspon@bermandevalerio.com

8
      Peter A. Pease
9     Nathaniel L. Orenstein
      **BERMAN DEVALERIO**
10    One Liberty Square
      Boston, MA 02109
11    Telephone: (415) 433-3200
      Facsimile: (415) 433-6382
12    Email: ppease@bermandevalerio.com
              norenstein@bermandevalerio.com
13

14    Mary Jane Fait
      Adam J. Levitt
15    Michael D. Yanovsky
      **WOLF HALDENSTEIN ADLER**
16      **FREEMAN & HERZ LLC**
      55 West Monroe Street, Suite 1111
17    Chicago, IL 60603
      Telephone: (312) 984-0000
18    Facsimile: (312) 984-0001
      Email: fait@whafh.com
19            levitt@whafh.com
              yanovsky@whafh.com
20

21
      Francis M. Gregorek
22    **WOLF HALDENSTEIN ADLER**
        **FREEMAN & HERZ LLC**
23    Symphony Towers
      750 B Street, Suite 2770
24    San Diego, CA 92101
      Telephone: (619) 239-4599
25    Facsimile: (619) 234-4599
      Email: gregorek@whafh.com
26

27                                      *Counsel for Plaintiff*

28

[*UNIVISIONS-CRIMSON V. SONY CORP., ET AL.*] CLASS ACTION COMPLAINT                    11